## Martin v. Evening Bulletin et al.

Before Milner and Mawhinney, JJ.
*Louis Wagner*, for defendants.

MAWHINNEY, J., February 7, 1949.—On the record that has been returned to us we find that the Workmen's Compensation Board made the following findings of fact:

"1. The Workmen's Compensation Board finds as a fact that claimant requested hospital treatment from defendant's insurance carrier for an extra 30-day period, but that his request was refused.

"2. The Workmen's Compensation Board finds as a fact that claimant entered the American Stomach Hospital on February 3, 1946, where he incurred a bill of $163.30 for a period of 30 days.

"3. The Workmen's Compensation Board finds as a fact that claimant procured additional medical treatment from Dr. Hawthorne at a cost of $35.00 for a 30-day period beyond the usual 60-day period.

"4. The Workmen's Compensation Board finds as a fact that claimant was dissatisfied with the medical treatments given him by defendant's physician."
and made the following conclusions of law:

"1. The Workmen's Compensation Board concludes as a matter of law that claimant is entitled to have

his medical expenses and hospitalization bills paid by defendant for a period beyond the usual 60-day period, within the limitations of The Workmen's Compensation Act."

and entered, inter alia, the following order:

"The Workmen's Compensation Board hereby orders and directs Evening Bulletin, defendant, to pay to Charles Martin, claimant, for the American Stomach Hospital, the sum of $163.30 and for Dr. Hawthorne, the sum of $35, for additional medical and hospital bills, beyond the usual 60-day period, all within the limitations of The Workmen's Compensation Act, as amended."

Defendant has filed the following exceptions to the opinion and order of the board:

"1. The board has failed to find, and there is no evidence to support a finding, that the board had imposed upon the employer and the carrier the duty of furnishing medical services for an additional 30 days and there was no refusal by the employer and insurance carrier to furnish medical services required by the Pennsylvania Workmen's Compensation Law.

"2. There was no finding and no evidence to support a finding that the employer and insurance carrier had been required by the board to furnish claimant with the hospital treatment, services and supplies for an additional 30 days, and there was no refusal by the employer and the insurance carrier to furnish hospital treatment, services and supplies as required by the Pennsylvania Workmen's Compensation Law."

Claimant, while employed by defendant, Evening Bulletin, sustained an injury in the course of his employment on November 3, 1945. Claimant executed a final receipt and later, on October 4, 1946, filed a petition to have it set aside. The testimony revealed that claimant was not seeking additional compensation but was actually seeking reimbursement for medical

and hospital expenses for an additional 30 days from February 4, 1946, to March 5, 1946, under section 306(f) of The Workmen's Compensation Act of May 18, 1945, P. L. 671, . . . which provides as follows:

"During the first sixty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines, and supplies shall not exceed one hundred and fifty dollars ($150), except that the board, upon petition of the claimant, may grant extra medical services for an additional thirty days, not to exceed seventy-five dollars ($75). If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitations. In addition to the above service, medicines and supplies, hospital treatment, services and supplies shall be furnished by the employer for the said period of sixty days, except that the board, upon petition of the claimant, may grant an additional thirty days. The cost for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals. If the employe shall refuse reasonable surgical, medical and hospital services, treatment, medicines and supplies, tendered to him by his employer, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."

It can be seen that this section of the act provides that the employe may, upon application *to the employer*, obtain compensation for extra *medical services and medicines*, etc., for a further period of 30 days after the initial period of 60 days not to exceed $75, and

upon *petitioning the board* may obtain additional *hospital treatment and supplies* incurred for a period of 30 days after the initial period of 60 days. It appears from the record before us, and the board so found, that claimant did not file such a petition but that he did make application to his employer to furnish such additional medical services. The board based its findings on the evidence and we agree with the board in this respect. The above section provides that after a call upon his employer to furnish the additional medical services, etc., and the employer's refusal to do so, he may receive from the employer the reasonable cost thereof not to exceed $75.

It would seem, however, that the finding of fact that claimant obtained additional treatment from the American Stomach Hospital for the 30-day period beyond the initial 60-day period does not, per se, justify the board's order that defendants compensate claimant in the amount of $163.30, which was charged by the hospital. It is true that under the above section 306 (*f*) claimant could have *petitioned the Workmen's Compensation Board* for additional hospitalization expenses after the initial 60-day period had expired, and could have obtained such up to an amount that did not exceed the prevailing charge in the hospital for like services to other individuals, but the saving clause which applies to the application to the employer for medical services is not incorporated in the above section in its reference to hospitalization, and consequently, even though he did request further hospital services and was refused them, he is not entitled to compensation for them under the terms of said section of the statute, because he has not made the proper application by petition to the board. Therefore, in our opinion, the board did not have the authority to order defendants to pay the hospital bill of $163.30 incurred after the period of 60 days had expired.

When this matter was originally before the Workmen's Compensation Board there was an additional finding that claimant had paid a medical bill of $20 to a Dr. Hartman, which seems to have been inadvertently omitted from the findings of fact in the opinion of the board dated August 4, 1948. Consequently, we sustain defendants' appeal and enter judgment against defendants and in favor of claimant in the sum of $55, representing the bills of $35 of Dr. Hawthorne and for $20 of Dr. Hartman.

Wherefore, we make the following

### *Order*

And now, to wit, February 7, 1949, the first exception of defendants is overruled, and the second exception of defendants is sustained. The appeal of defendants is sustained and judgment is hereby entered for claimant against defendants in the sum of $55.